UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOTAL CONTAINMENT SOLUTIONS, INC.,

    Plaintiff,

v.                                                      Case No: 2:15-cv-63-FtM-38CM

GLACIER ENERGY SERVICES, INC.,

    Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on Plaintiff's Motion to Dismiss Defendant's Count VII of Defendant's Amended Counterclaim filed on April 27, 2015. (Doc. #32). Defendant filed a Response in Opposition on May 11, 2015. (Doc. #38). The matter is now ripe for review.

### **Background**

Plaintiff Total Containment Solutions, Inc. is a Florida corporation specializing in the manufacture and sale of water containment systems for use in hydraulic fracturing ("fracking") systems. (Doc. #25 at 8). Defendant Glacier Energy Services is a Montana corporation who contracted with Plaintiff for the sale of one of its systems. (Doc. #25 at 8). The contract at issue provided that Plaintiff would manufacture floating lids for large,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

outdoor water storage tanks and supply them to Defendant for an agreed upon price. (Doc. #25 at 9).  Thereafter, the Parties amended the contract by modifying the license and manufacturing agreement to expand the scope of goods included under the agreement from lids to a wide array of polyuria water tank-lining products.  (Doc. #25 at 9).

In accordance with the contract, Plaintiff provided Defendant with tank-lining products for eight of its above-ground tanks in North Dakota.  (Doc. #25 at 9).  But once they were installed, each of the products failed, causing damage to the tanks and other equipment and flooding the surrounding areas.  (Doc. #25 at 9).  Alleging that Defendant failed to pay for the supplied goods, Plaintiff brought the instant action, seeking to recover their cost.  (Doc. #22).  In response, Defendant filed fourteen Counterclaims.  (Doc. #25 at 9).  Now, Plaintiff seeks dismissal of Counterclaim 7 – asserting a claim for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").  (Doc. #32).

**Legal Standard**

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed.  *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004).  The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff.  *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008).  Conclusory allegations, however, are not entitled to a presumption of truth.  *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott,* 610 F.3d 701, 708, n. 2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Marsh,* 268 F.3d at 1036 n. 16. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Iqbal,* 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

**Discussion**

The issue before the Court today is whether FDUTPA claims are subject to Federal Rule of Civil Procedure 9(b)'s pleading requirements. Plaintiff believes that they are, and, because of this, Counterclaim 7 must be dismissed for failing to meet this rigorous standard. For its part, however, Defendant argues that federal courts in Florida do not consistently apply Rule 9(b)'s pleading requirements to FDUTPA claims, and this inconsistent application allows Counterclaim 7 to survive the instant Motion. The Court finds Defendant's argument persuasive.

The Florida Legislature enacted FDUTPA "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition,

3

or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). The Act declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). A claim for damages under FDUTPA has three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." City First Mortg. Corp. v. Barton, 988 So.2d 82 (Fla. 4th DCA 2008) (citation omitted); see also KC Leisure, Inc. v. Haber, 972 So.2d 1069, 1073–74 (Fla. 5th DCA 2008).

It is fair to say that there has been inconsistency among Florida's federal courts regarding whether Rule 9(b)'s pleading standard applies to all FDUTPA claims or only those alleging fraudulent activity. *See, e.g.,* Nationwide Mut.Co. v. Ft. Myers Total Rehab Ctr., Inc., 657 F.Supp.2d 1279, 1290 (M.D. Fla. 2009) ("The Court is not convinced that the specificity requirements of [Rule 9(b)] appl[y] to [all] FDUTPA [claims], although it recognizes this view is in the minority in this District."). Recently, however, it appears that a trend has emerged: Absent an allegation of fraudulent conduct, a FDUTPA claim does not need to meet Rule 9(b)'s heightened-pleading requirement. *See, e.g.,* In re Brican Am. LLC Equip. Lease Litig., No. 10-MD-02183-PAS, 2014 WL 250246, at *10 (S.D. Fla. Jan. 22, 2014); Foster v. Chattem, Inc., No. 6:14-CV-346-ORL-37, 2014 WL 3687129, at *1 (M.D. Fla. July 24, 2014); Hill v. Hoover Co., 899 F.Supp.2d 1259, 1263 (N.D. Fla. 2012). As one court explained, "Rule 9(b)'s requirements are implicated by allegations of fraud, but because FDUTPA was enacted to provide remedies for conduct outside the reach of traditional common law torts like fraud, the plaintiff need not prove the elements of fraud to sustain an action under the statute." Toback v. GNC Holdings, Inc., No. 13-

4

80526-CIV, 2013 WL 5206103, at *2 (S.D. Fla. Sept. 13, 2013) (internal quotations and citations omitted).  Nevertheless, the Court does not need to provide an explicit holding on this issue today.  A review of Counterclaim 7 reveals that it meets every pleading standard, even the stringent one set out by Rule 9(b).

Defendant begins Counterclaim 7 by noting where and when Plaintiff made the representation that forms the basis of the claim – Section 2.10(a) of the contract.  That section, as Defendant explains, "contain[ed] express representation[s] that the water containment materials provided by [Plaintiff] would be free from defects in design, workmanship, materials[,] and performance and were suited for their intended use." (Doc. #25 at 16).  Defendant then continues by noting that these representations induced it to contract with Plaintiff and misled it because it would not have done so had it known that "the water containment materials provided by [Plaintiff] were not fit for their intended purpose." (Doc. #25 at 16).  Finally, Defendant avers that Plaintiff knew, or should have known, that these representations were false, or made the representation without knowledge as to its truth or falsity, and, because of this, it suffered damages.  (Doc. #25 at 16).  These allegations, when taken as true, are more than enough to satisfy Rule 9(b) and alert Plaintiff to the exact misconduct with which they are charged.[2]  See *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

---

[2] Counterclaim 7 also contains allegations that Plaintiff engaged in an unfair act by improperly utilizing a confidential list of Defendant's customers.  (Doc. #25 at 17).  However, Plaintiff's entire Motion focuses on how Defendant's claims regarding "misrepresentations" are grounded in fraud and fail to meet Rule 9(b). (Doc. #32 at 3-5).  As a result, the Court will not address the allegations related to the unfair use of the customer lists because they do not contain any "misrepresentation" allegations.  But it should be noted that the unfair use allegations appear to be well-plead as well.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Dismiss Defendant's Count VII of Defendant's Amended Counterclaim (Doc. #32) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 5th day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record