UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOTAL CONTAINMENT SOLUTIONS, INC.,

    Plaintiff,

v.                                                                        Case No: 2:15-cv-63-FtM-38CM

GLACIER ENERGY SERVICES, INC.,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant's Motion to Dismiss Counts II, III, IV, and VII of Plaintiff's First Amended Complaint (Doc. #24) filed on April 15, 2015. Plaintiff filed a Response in Opposition on May 19, 2015. (Doc. #40). The matter is now ripe for review.

### Background

Plaintiff Total Containment Solutions, Inc. is a Florida corporation specializing in the manufacture and sale of water containment systems for use in hydraulic fracturing ("fracking") systems. (Doc. #22 at 1-2). Defendant Glacier Energy Services is a Montana corporation who contracted with Plaintiff for the sale of one of its systems. (Doc. #22 at 1-2). The contract at issue provided that Plaintiff would manufacture floating lids for large,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

outdoor water storage tanks and supply them to Defendant for an agreed upon price. (Doc. #22 at 2). Thereafter, the Parties amended the contract by modifying the license and manufacturing agreement to expand the scope of goods included under the agreement from lids to a wide array of polyuria water tank-lining products. (Doc. #22 at 2). After Plaintiff performed its end of the contract, the relationship turned sour – Defendant refused to pay Plaintiff for the manufactured products. (Doc. #22 at 2). With these facts in hand, Plaintiff brought the instant action asserting seven counts: Breach of Contract (Count 1); Promissory Estoppel (Count 2); Unjust Enrichment/Contract Implied in Law (Count 3); Quantum Meruit/Contract Implied in Fact (Count 4); Account Stated (Count 5); Open Account (Count 6); and Declaratory Judgment (Count 7). (Doc. #22 at 1-7). Now, Defendant seeks dismissal of Counts 2, 3, 4, and 7. (Doc. #24 at 1-11).

## Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott,* 610 F.3d 701, 708, n. 2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Marsh,* 268 F.3d at 1036 n. 16.  Thus, "the-defendant-unlawfully harmed me accusation" is insufficient.  *Iqbal,* 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868.  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (internal modifications omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

**Discussion**

Plaintiff concedes that Counts 2 and 7 should be dismissed. (Doc. #40 at 3).  The issue before the Court therefore is whether Plaintiff can bring Counts 3 and 4, asserting claims of unjust enrichment and quantum meruit, respectively, even though a valid, express contract exists and governs the transaction at issue.  Defendant avers that Plaintiff cannot, pointing the Court's attention to extensive case law that it believes holds that such claims fail as a matter of law. (Doc. #24 at 2-6).  Plaintiff, however, points out that Defendant's Answer includes affirmatives defenses that, if successful, could bar enforcement of the express contract. (Doc. #40 at 1).  And if this occurred, Plaintiff's quasi-contract claims would come into play.  (Doc. #40 at 1-2).  The Court finds Defendant's argument persuasive.

Florida courts routinely dismiss quasi-contract claims when there is an express contract that governs the transaction at issue.  See *Leedom Mgmt. Grp., Inc. v.*

3

*Perlmutter*, No. 8:11-CV-2108-T-33TBM, 2012 WL 1883765, at *4 (M.D. Fla. May 22, 2012). This rule is disposed of only when one of the parties asserts that the contract governing the transaction is invalid. *See ATA-CIF, LLC v. IECUBED, LLC*, No. 8:11-CV-603-T-33EAJ, 2011 WL 6217508, at *2 (M.D. Fla. Dec. 14, 2011). In this instance, Plaintiff asserts that two of Defendant's affirmative defenses – prior breach and failure of consideration – contest the validity of the contract at issue. (Doc. #40 at 1-2). But the Court disagrees.

The affirmative defense of failure of consideration is not an assertion that "the parties' voluntary bilateral consent to contract never existed, such that contract is automatically and utterly void, but only that the contract was broken." 3 R. Lord, Williston on Contracts § 7:11 (4th ed. 2008). In other words, "there [was] originally a contract when the agreement is made, but because of some supervening cause, the promised performance fail[ed]." *Id.* This is distinct from the defense of lack of consideration, which asserts that the consideration required to form the contract does not exist. *Id.* The latter defense contests the validity of the contract, but the former defense does not. Because of this, it logically follows that Defendant's assertion of the failure of consideration defense does not contest the validity of the express contract governing the transaction at issue.

The discussion does not end here, however. Plaintiff also avers that the affirmative defense of prior breach contests the validity of the contract. But this argument fairs no better than its last. By asserting the affirmative defense of prior breach, Defendant is not contesting the validity of the contract. Instead, Defendant is arguing that because Plaintiff failed to perform according to the terms of the contract (by allegedly providing unsuitable water containment materials), it was no longer required to perform under the contract

4

either (i.e., paying Plaintiff for the manufactured goods). In other words, Defendant argues that it was excused from performing under the contract, not that the contract was invalid.

Based on the foregoing, it is clear that there is no dispute among the Parties that a valid, express contract governs the transaction at issue. As a result, Counts 3 and 4, asserting claims of unjust enrichment and quantum meruit, respectively, must be dismissed. See *Validsa, Inc. v. PDVSA Servs., Inc.*, 424 F. App'x 862, 873 (11th Cir. 2011) (affirming district court's dismissal of quasi-contract claims on the basis that there was an undisputed, express contract governing the transaction at issue).

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Counts II, III, IV, and VII of Plaintiff's First Amended Complaint (Doc. #24) is **GRANTED**.

2. Counts II, III, IV, and VII of Plaintiff's First Amended Complaint are **DISMISSED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 5th day of June, 2015.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record