UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOTAL CONTAINMENT SOLUTIONS, INC.,

       Plaintiff,

v.                                                          Case No: 2:15-cv-63-FtM-38CM

GLACIER ENERGY SERVICES, INC.,

       Defendant.
_____/

### ORDER[1]

This matter comes before the Court on Defendant's Motion to Strike Plaintiff's Amended Affirmative Defenses (Doc. #47) filed on July 6, 2015. Plaintiff failed to file a response in opposition, and the time to do so has now expired. The matter is ripe for review.

### Background

Plaintiff Total Containment Solutions, Inc. is a Florida corporation specializing in the manufacture and sale of water containment systems for use in hydraulic fracturing ("fracking") systems. (Doc. #25 at 8). Defendant Glacier Energy Services is a Montana corporation who contracted with Plaintiff for the sale of one of its systems. (Doc. #25 at 8). The contract at issue provided that Plaintiff would manufacture floating lids for large,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

outdoor water storage tanks and supply them to Defendant for an agreed upon price. (Doc. #25 at 9).  Later, the Parties amended the contract to expand the scope of goods included under the agreement from lids to a wide array of polyuria water tank-lining products.  (Doc. #25 at 9).

In accordance with the modified contract, Plaintiff provided Defendant with tank-lining products for eight of its aboveground tanks in North Dakota.  (Doc. #25 at 9).  But once installed, each of the products failed, flooding the surrounding areas and causing damage to the tanks and other equipment.  (Doc. #25 at 9).  After the product failure, Defendant allegedly failed to pay for the supplied goods, and Plaintiff brought the instant action seeking to recover their cost.  (Doc. #22).  In response, Defendant filed fourteen Counterclaims (Doc. #25 at 9), to which Plaintiff filed twenty-five affirmative defenses (Doc. #31 at 9-15).  Defendant then moved to strike over half of those defenses (Doc. #39), which the Court granted (Doc. #45).  Plaintiff filed its amended affirmative defenses thereafter.  (Doc. #46).  Now, Defendant seeks to strike four of the amended defenses.

## Discussion

Pursuant to Federal Rule of Civil Procedure 12(f), courts may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  With this authority in mind, Defendant asks the Court to strike four of Plaintiff's amended affirmative defenses, averring that each suffers from redundancy or insufficiency.  (Doc. #47 at 3-8).  Affirmative defenses are no different from other pleadings – they must follow Rule 8(b)(1)(A), and be stated "in short and plain terms." *F.D.I.C. v. Bayer*, No. 2:13-cv-752-FtM-29, 2015 WL 686952, *2 (M.D. Fla. Feb. 18, 2015) (citing Fed. R. Civ. P. 8(b)(1)(A)).  They must also "provide 'fair notice' of the nature of

the defense and the grounds upon which it rests . . . and state a plausible defense." *Id.* (internal citations omitted).  Simply stated, "[i]f the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken." *Id.* (citation omitted).

The Court will evaluate each of the contested defenses on an individual basis.

*1. Amended Affirmative Defenses 2 and 3*

Amended Affirmative Defenses 2 and 3 each allege that Plaintiff is not liable for Defendant's claims because the negligence of a third party, and not Plaintiff, caused the complained-about damages.  (Doc. #46 at 1-2).  Defendant seeks to strike one of these amended defenses on the basis of redundancy.  (Doc. #47 at 3-5).  Because Plaintiff, who is represented by counsel, had ample time to respond to Defendant's Motion but declined to do so,[2] the Court finds Defendant's argument persuasive.  The Court will strike Amended Affirmative Defense 2, as it appears to be less detailed than Amended Affirmative Defense 3.  *See Joe Hand Promotions, Inc. v. JAC-SAM, INC.*, No. 8:12-CV-2682-T-33TGW, 2013 WL 623923, at *4 (M.D. Fla. Feb. 20, 2013) (granting unopposed motion to strike various affirmative defenses as redundant).

*2. Amended Affirmative Defense 10*

Amended Affirmative Defense 10 alleges that Defendant failed to mitigate its alleged damages.  (Doc. #46 at 3).  Defendant seeks to strike this defense on the basis of insufficiency.  (Doc. #47 at 5-7).  In making this argument, Defendant points to the fact that Amended Affirmative Defense 10 alleges mitigation, but focuses on acts that occurred before the contract was allegedly breached.  (Doc. #47 at 5-7).  These acts

---

[2] Plaintiff also failed to respond to Defendant's original Motion to Strike Affirmative Defenses (Doc. #39), but nevertheless filed amended affirmative defenses after the Court issued its Order granting Defendant's Motion in part (Doc. #45).

include "fail[ing] to properly prepare the site location before setting up the subject water tanks," "fail[ing] to properly prepare the site location to handle any leaks in the subject water tanks," and "us[ing] the TCS materials on tanks that exceed the size of previously prepared tanks." (Doc. #46 at 3).

Without the benefit of a response from Plaintiff, the Court finds this argument persuasive. Defendant bases its counterclaims on the fact that water containment materials provided by Plaintiff failed during their use, causing severe to damage to the immediate area and equipment located there. The acts asserted in Amended Affirmative Defense 10, however, relate to the time period before the tanks failed. Because a mitigation defense relates to the time after an alleged breach took place, the acts alleged in Amended Affirmative Defense 10, by their temporal nature, cannot relate to a failure to mitigate on Defendant's part. *See Leeward v. Galaxy Cable, Inc.*, No. 5:05-CV-303-OC-10GRJ, 2006 WL 2868928, at \*7 (M.D. Fla. Oct. 6, 2006) ("[T]he duty to mitigate only arises when a contract has been breached."). Accordingly, the Court strikes Amended Affirmative Defense 10 as insufficient.

*3. Amended Affirmative Defense 12*

Amended Affirmative Defense 12 alleges that "the subject product complied with all relevant federal or state statutes or regulations in effect at the time the product was delivered and, therefore, pursuant to Florida Statute § 768.1256 there is a rebuttable presumption that the product in question was not defective." (Doc. #46 at 3). Defendant seeks to strike this defense on the basis of insufficiency because Plaintiff failed to include the entirety of § 768.1256 in the defense. (Doc. #47 at 7-8). Even without the benefit of a response from Plaintiff, the Court finds this argument unpersuasive.

4

Defendant appears concerned that only the select portion of § 768.1256 included in the defense will be presented to the jury, instead of the full statute.  This is not true.  If the jury must render a decision involving § 768.1256, the jury will be well informed of the entire statute.  Defendant is also concerned because this defense "fails to notify [it] of what statutes or regulations [Plaintiff] asserts triggers" this defense.  (Doc. #47 at 8).  This argument is not persuasive either.  This defense alerts Defendant of the statute that Plaintiff intends to rely on for creating a rebuttable presumption.  The issue regarding what statute or regulation the products at issue complied with seems more appropriate for discovery, rather than a motion to strike.  The Court declines to strike Amended Affirmative Defense 12.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Strike Plaintiff's Amended Affirmative Defenses (Doc. #47) is **GRANTED in part**.

2. Plaintiff's Amended Affirmative Defenses 2 and 10 (Doc. #46 at 1-3) are stricken without prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida, this 25th day of August, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record