UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOTAL CONTAINMENT SOLUTIONS,
INC.,

       Plaintiff,

v.                                  Case No:   2:15-cv-63-FtM-38CM

GLACIER ENERGY SERVICES, INC.,

       Defendant.

_____

## ORDER

Before the Court is Defendant's Motion to Compel Discovery Responses (Doc. 55).  Plaintiff responded in opposition.  Doc. 60.  Also before the Court is Plaintiff's Motion for Enlargement of Time to Complete the Deposition of Andrew Shick and for Discovery of Documents Recently Identified during the Defendant/Counter-Plaintiff's Officers' Depositions (Doc. 70).  Defendant responded in opposition.  Doc. 72.  The parties also filed an Agreed Motion for Enlargement of Time (Doc. 74).

## I.    Background

Plaintiff Total Containment Solutions, Inc. ("TCS") is a Florida corporation specializing in the manufacturing and sale of water containment systems for use in the hydraulic fracturing, or "fracking," process.  Doc. 22 at 1-2.  Defendant Glacier Energy Services, Inc. ("Glacier") is a Montana corporation that provides water supply services for fracking and drilling operations.  Doc. 25 at 8.  Plaintiff and Defendant entered into a written agreement whereby "[P]laintiff agreed to manufacture and supply floating lids for large, outdoor water storage tanks used in fracking, and

[D]efendant agreed to pay [P]laintiff for same." Doc. 22 at 2. Plaintiff alleges that it performed all of its duties under the contract by supplying its products to Defendant but Defendant breached the contract by failing to pay Plaintiff. *Id.* Plaintiff brought this action alleging breach of contract, account stated and open account.[1] *Id.* at 1-5.

Defendant answered the complaint and filed counterclaims alleging breach of contract, breach of contractual warranty, breach of express warranty, breach of implied warranty, breach of implied warranty of fitness for a particular purpose, negligent representation, violation of Florida's Deceptive and Unfair Trade Practices Act, strict liability, breach of contractual indemnity, breach of common law indemnity, breach of implied indemnity, breach of contractual confidentiality, tortious interference and violation of Florida's Uniform Trade Secret Act. Doc. 25 at 1-26.

Defendant alleges that under the contract between it and Plaintiff, Plaintiff would sell to Defendant water containment materials for use in above-ground water tanks for the purpose of sealing the interior of the tanks. *Id.* at 9. Defendant alleges that the contract contains a warranty which "provides that the products provided by [Plaintiff] would be 'free from defects in workmanship, materials and performance,' and suited for their intended use.'" *Id.* Defendant alleges that it provided the water containment materials it received from Plaintiff for use in seven above-ground tanks

---

[1] Plaintiff's Amended Complaint also alleged claims for promissory estoppel, unjust enrichment/contract implied in law, quantum meruit/contract implied in fact, and declaratory judgment. Doc. 22 at 1-6. Those counts were dismissed without prejudice by the district court. Doc. 44.

for Defendant's customers and two above-ground tanks for Defendant's own use. *Id.*

Defendant contends that the water containment materials from Plaintiff failed in

each of the above-ground tanks in which they were used and caused damage to the

tanks and surrounding areas. *Id.* Defendant argues that Plaintiff breached the

contract by failing to provide a product free from defects in design, workmanship,

materials and performance. *Id.* at 10.

Defendant also alleges that during the course of the business relationship

between it and Plaintiff, Plaintiff learned of certain trade secrets, namely the

identities and contact information of Defendant's customers and information

concerning their needs and interests in various products provided by Defendant. *Id.*

at 16. Defendant argues that Plaintiff breached the confidentiality portion of their

contract by contacting Defendant's customers and soliciting business in competition

with Defendant. *Id.* at 17.

Defendant filed this motion to compel seeking better responses to Defendant's

First Set of Interrogatories and Requests for Production. Doc. 55. Initially,

Defendant sought better responses to interrogatories 2, 3 and 15, and requests for

production 4, 5, 6, 14, 27 and 28.[2] *Id.* Plaintiff responded that it has supplemented

its responses to interrogatories 3 and 15 and request for production 28. Doc. 60 at 2.

*Id.* Plaintiff also stated that it is in the process of gathering the documents responsive

to requests for production 4 and 6. *Id.* Accordingly, the Court will only address

---

[2] Defendant also stated that Plaintiff's response to request for production 30 was insufficient, but Defendant did not address this request in its motion. Doc. 55 at 1.

arguments and objections related to interrogatory 2 and requests for production 5, 14 and 27; and if Plaintiff's responses to those requests are insufficient, Defendant may file another motion to compel, if necessary.

## II.   Analysis

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Relevance, for purposes of discovery, does not hinge on admissibility at trial and is construed broadly to include any matter that reasonably could lead to the discovery of admissible evidence. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  A written response to a request for production or interrogatory is due within 30 days after the service.  Fed. R. Civ. P. 33(b)(2), 34(b)(2)  When a party fails to respond within the requisite time frame, the party seeking discovery may move to compel the responses. *Id.* at 37(a)(3)(A).  An evasive or incomplete disclosure, answer or response must be treated as a failure to disclosure, answer or respond. *Id.* at 37(a)(4).  Here, Defendant alleges that the responses are insufficient and requests better responses to its interrogatories and requests for production.

Specifically, Defendant requests a better response to interrogatory no. 2.

**Interrogatory No. 2**:  Please identify each TCS customer who has been sold or otherwise provided any of the types of products identified in response to Interrogatory Number 1 including the name and address of the customer, the type of product provided and the date on which it was provided.

**Response**: Objection. This interrogatory is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, the instant Interrogatory

requests Total Containment Solutions to provide its client list, which is protected by the trade secret privilege. See Fla. Stat. §90.506.

Defendant argues that Plaintiff's objection provides no explanation as to how the requested information qualifies as a trade secret. Doc. 55 at 2. Thus, it argues, Plaintiff has not met its burden and should be compelled to produce the requested information. *Id.* at 3.

Plaintiff responds that the information is not relevant to the subject lawsuit because the requested information would include customers who used Plaintiff's products for purposes other than fracking tanks. Doc. 60 at 3. Moreover, Plaintiff contends that the other customers did not use the products for use in above-ground fracking tanks, and the products were used in different locations at different times and under different conditions than in the present case. *Id.* Plaintiff also alleges that the client list is a trade secret and protected from disclosure. *Id.*

Pursuant to Rule 26(c)(7), Federal Rules of Civil Procedure, the court may issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(7). "In order to resist discovery of such confidential information, a party must first establish that the information sought is indeed confidential and then demonstrate that its disclosure might be harmful. Once these requirements are met, the burden shifts to the [party seeking the information] to establish that discovery of trade secrets or confidential information is relevant and necessary to the action." *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985); *see also Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)

(stating that once a party shows that the information is confidential, the burden shifts to the party seeking disclosure to show that the information is relevant and necessary).  It is within the discretion of the trial court to determine whether the need outweighs the harm of disclosure.  *Id.*

Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." Fed. R. Civ. P. 26(b)(1).  Information does not have to be admissible at trial to be discoverable.  *Id.* "The term 'relevant' should be 'construed broadly to encompass any, matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case.'"  *Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020 *3 (M.D. Fla. 2006) (quoting *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005)).

"'[C]ustomer lists constitute trade secrets where they are a product of great expenses and effort, rather than a compilation of information available to the public.'" *International Hair & Beauty Systems, LLC v. Simply Organic, Inc.*, 2011 WL 5356264 *4 (M.D. Fla. 2011) (quoting *MDT Personnel, LLC v. Camoco, LLC*, 2010 WL 5535066 *3 (M.D. Fla. 2010)).  Courts have acknowledged that disclosure of confidential information to a competitor is presumed to be harmful to the disclosing entity.  *Cytodyne Technologies, Inc. v. Biogenic Technologies, Inc.*, 216 F.R.D. 533, 535 (M.D. Fla. 2003) (citing *American Standard Inc. v. Pfizer, Inc.*, 828 F.2d 729, 741 (Fed. Cir. 1987)).  Once a party establishes that the information sought is confidential and disclosure would be harmful, the burden shifts to the party seeking the disclosure

to show that the information sought is relevant and necessary. *Gober v. City of Leesburg,* 197 F.R.D. 519, 521 (M.D. Fla. 2000).

Here, the Court finds that Plaintiff's customer lists are trade secrets. Plaintiff's owner expended substantial time gathering contacts within the industry and developing a specialized knowledge of its customers. Doc. 60 at 5. Moreover, Plaintiff's owner has been gathering this information since at least 1992 when he worked for another company. *Id.* Additionally, Plaintiff's owner has identified customers through trade shows, networking and referrals for Plaintiff since its inception in 2007. *Id.* Thus, the Court finds that the customer list requested by Defendant is a trade secret.

Moreover, Defendant acknowledges that Plaintiff is a competitor when it alleges that Plaintiff used its customer information for competition with Defendant. Doc. 25 at 17. As noted, disclosure of confidential information to a competitor is presumed harmful. *Cytodyne Technologies, Inc.,* 216 F.R.D. at 535. Thus, the burden shifts to Defendant to establish that the protected information is relevant and necessary. *Gober,* 197 F.R.D. at 521. Defendant, however, has failed to address how the information is relevant. Moreover, Defendant is seeking information related to products identified in response to interrogatory 1 but Defendant fails to provide the Court with that interrogatory or the response. Therefore, the Court cannot readily discern whether the information may be relevant to Defendant's claims or defenses. To the extent, however, Plaintiff is able to identify its customers who used its products identified in response to interrogatory 1 specifically in above-ground

fracking tanks, Plaintiff must provide Defendant the information. If necessary, the parties may enter into a confidentiality agreement regarding the disclosure of this information for purposes of this litigation only. Therefore, Defendant's motion to compel a response to interrogatory 2 is granted in part and denied in part.

Defendant also requests a better response to request for production no. 5.

**Request for Production No. 5**: All documents concerning communications between TCS and any customer of Glacier from January 1, 2014 through the present.

**Response**: Objection. This Request is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant [3] objects pursuant to Fla.R.Civ.P. 1.280(d), asserting that the requested electronically stored information is not reasonably accessible due to burden of accessing same and cost. [4]

Defendant asserts the production of these communications is necessary to explore the existence and extent of its claims for tortious interference, unfair and deceptive trade practices and breach of confidentiality. Doc. 55 at 6-7. The information is also necessary for the discovery of potential witnesses and other discoverable documents. *Id.* at 7. Plaintiff responds that this request is difficult to respond to because it does not have the requisite knowledge of Defendant's customers, and Defendant has not identified the customers for which it seeks communications. Doc. 60 at 8. Plaintiff

---

[3] The Court notes that throughout Plaintiff's objections, Plaintiff refers to "Defendant" rather than Plaintiff.

[4] The Court also notes that throughout Plaintiff's objections, Plaintiff improperly objects pursuant to "Fla. R. Civ. P. 1.280(d)." As this case is in federal court, the Federal Rules of Civil Procedure rather than the Florida Rules of Civil Procedure apply. Additionally, Plaintiff did not provide any additional information regarding burden of accessing the electronically stored information. Accordingly, the Court will overrule that objection in each of Plaintiff's responses.

also alleges that without identifying specific customers that it allegedly communicated with, it cannot completely respond to the request. *Id.*

While the Court agrees with Defendant that this information is relevant and necessary to Defendant's claims, the Court also recognizes Plaintiff's argument that without identifying specific customers, it has no way to respond to the request. Accordingly, the Court will deny without prejudice Defendant's request and allow Defendant the opportunity to amend the request to identify the specific customers with whom Plaintiff has allegedly communicated.

Next, Defendant requests a better response to request for production 14. Doc. 55 at 9.

> **Request for Production No. 14**: All documents concerning communications by and between TCS owners, employees, officers, agents, subcontractors, independent contractors, or representatives regarding leaks in Glacier's and/or its customers' above ground water tanks in which the TCS products were used.
>
> **Response**: Objection. This Request is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects pursuant to Fla.R.Civ.P. 1.280(d), asserting that the requested electronically stored information is not reasonably accessible due to burden of accessing same and cost.

Defendant states that the documents requested directly relate to the claims it raised in its counterclaim. Doc. 55 at 9. Defendant alleges that the materials provided by Plaintiff failed and it is now seeking the internal communications regarding those failures. *Id.* Plaintiff fails to provide any additional explanation for its objection that the requested items are overly broad, unduly burdensome and irrelevant. Thus, the Court will grant Defendant's request for the information.

Finally, Defendant requests that the Court compel a better response to request for production no. 27.

> **Request for Production No. 27**:   All documents concerning communications between TCS and The Hanson Group, LLC from January 1, 2014 through the present.

> **Response**: Objection. This Request is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects pursuant to Fla.R.Civ.P. 1.280(d), asserting that the requested electronically stored information is not reasonably accessible due to burden of accessing same and cost.

Defendant alleges that the requested information is relevant because Defendant discovered that the Hanson Group, LLC ("Hanson") is partially responsible for the manufacturing of the materials that Defendant claims failed.   Doc. 55 at 10. Defendant contends that the information is necessary to ascertain the extent of Hanson's involvement in the subject claim.   *Id.*   Plaintiff responds that via its interrogatory responses it identified the raw materials provided by Hanson that it used to manufacture the products at issue.  Doc. 60 at 10.  Plaintiff also states that it provided all of the documents in its possession from Hanson regarding product specifications and product/material testing.  *Id.* at 10-11.  Plaintiff contends that any additional materials, including any contracts or agreements between it and Hanson, are irrelevant to the subject case.  *Id.* at 11.

The Court finds that some of the requested information is relevant to the Defendant's claims.  Plaintiff stated that it provided Defendant with information from Hanson related to product specifications and product/material testing.  Doc. 60 at 11.  Plaintiff also identified the products that used the raw materials produced by

Hanson. *Id.* at 10. Defendant asserts that Hanson is partially responsible for the manufacturing of the materials that it claims failed. Doc. 55 at 10. Thus, the Court finds relevant the communications, contracts and agreements related specifically to those products that Defendant claims failed. Accordingly, Defendant's request is granted in part and denied in part. Plaintiff is directed to provide Defendant with any communication, contract or agreement between it and Hanson related to the specific products and materials manufactured by Hanson that Defendant claims failed. To the extent Defendant has not identified the products it claims failed, Defendant has up to and including November 13, 2015 to provide Plaintiff with that information. Plaintiff shall have up to and including November 30, 2015 to provide the requested information. To the extent the parties feel it is necessary, the parties also are permitted to enter into a confidentiality agreement related to the disclosure of the contracts and agreements between Plaintiff and Hanson.

Also before the Court is Plaintiff/Counter-Defendant's Motion for Enlargement of Time to Complete the Deposition of Andrew Shick and for Discovery of Documents Recently Identified During Defendant/Counter-Plaintiff's Officers' Deposition (Doc. 70) and Defendant's response in opposition (Doc. 72). For the reasons set forth below, the motion is granted.

Plaintiff requests a 30-day extension to complete the deposition of Andrew Shick, the corporate representative for Rockwater Energy Services, Inc., because the deposition was terminated due to Mr. Shick's hostility and destructiveness. Doc. 70 at 3. Additionally, Plaintiff scheduled a second deposition in this case for later in the

same day, which prevented it from being able to continue with Mr. Shick's deposition. *Id.* Plaintiff alleges that the parties began discussing alternative dates for the deposition but on September 30, 2015, Defendant advised that it would not agree to extend the discovery cut-off to complete the deposition. *Id.* at 4. Plaintiff also requests a 30-day extension to allow Defendant to respond to discovery it propounded on September 30, 2015. *Id.* at 4-5. Plaintiff alleges that the need for additional discovery was not identified until September 21, 2015 and September 23, 2015 during the depositions of Defendant's president and CEO. *Id.* at 1. Accordingly, the discovery was not propounded until September 30, 2015. *Id.* at 6.

Defendant responds that the discovery deadline should not be extended because it creates a substantial burden upon counsel for Defendant given the upcoming deadlines in this case. Doc. 72 at 2. Moreover, Defendant states that Plaintiff created its current dilemma with the deposition of Mr. Shick by scheduling a deposition on the same day and limiting the time it had to complete the deposition. *Id.* at 6. Defendant also states that Plaintiff voluntarily terminated the deposition early without completing its questioning. *Id.* Additionally, Defendant disagrees with Plaintiff's characterization that Mr. Shick was hostile during the deposition. *Id.* Defendant also contends that the discovery Plaintiff served on September 30, 2015 was not based on newly discovered information but on Plaintiff's lack of diligence. *Id.* at 3. Defendant alleges that the discovery requests broad categories of discovery which one would expect to see earlier in the litigation. *Id.* at 1.

The Amended Case Management and Scheduling Order (Doc. 49) entered in this case states, "[e]ach party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline." Doc. 49 at 3.  Here, Plaintiff served its discovery the day before the October 1, 2015 deadline.  Thus, it was impossible for the Defendant to respond prior to the discovery deadline. The Court, however, may, for good cause, extend time.  Fed. R. Civ. P. 6(b)(1)(A).

While the Court agrees with Defendant that Plaintiff's discovery requests broad categories of information that should have been requested earlier in the litigation, the Court finds that Defendant will not be prejudiced by the requested extension of time if the Court extends the remaining deadlines in the scheduling order.  Defendant alleges that it would create a substantial burden upon counsel to extend discovery because of the other upcoming deadlines. In an effort to balance Plaintiff's need for the information and the burden upon Defendant, the Court will extend the remaining deadlines in the scheduling order including trial.

Accordingly, the Court will extend the discovery deadline to November 30, 2015.  The Court will, however, limit the discovery to the requests that already have been propounded by Plaintiff and for the continued deposition of Mr. Shick.  The parties are not permitted to serve any additional written discovery, except those requests addressed in the motion to compel that the Court is allowing Defendant to amend.  Defendant must respond to the discovery previously propounded by Plaintiff no later than November 30, 2015.  Moreover, without the benefit of the deposition transcript, the Court cannot make a determination as to whether Mr. Shick's

deposition was terminated due to his hostility. Accordingly, the Court will leave it to the parties to come to an agreement regarding the continuation of Mr. Shick's deposition. The parties are permitted to complete the deposition of Dr. Shick before the discovery deadline, if they are able to come to a mutual agreement. The parties are encouraged to work together to resolve this matter. The parties are reminded that "[d]iscovery in this district should be practiced in the spirit of cooperation and civility." *See* Middle District Discovery, A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida § I.A.1.

Finally, the parties filed an agreed motion to extend the mediation deadline to November 20, 2015. Doc. 74. The Court finds good cause to grant this extension, along with the remaining deadlines in the scheduling order.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Motion to Compel Discovery Responses (Doc. 55) is **GRANTED in part and DENIED in part.**

   a. Interrogatory nos. 3 and 15 are **DENIED AS MOOT.**

   b. Requests for Production nos. 4, 6, and 28 are **DENIED AS MOOT.** To the extent Plaintiff has not supplemented its responses to requests 4 and 6, as it agreed to do, Plaintiff must do so by **November 30, 2015**.

   c. Interrogatory no. 2 is **GRANTED IN PART AND DENIED IN PART.** To the extent Plaintiff is able to identify its customers who used its

products identified in response to interrogatory 1 specifically in above ground fracking tanks, Plaintiff must provide the information to Defendant on or before **November 30, 2015.**

d.  Request for Production no. 5 is **DENIED** as written. Defendant has up to and including **November 13, 2015** to may amend the request and identify the specific customers with whom Plaintiff has allegedly communicated.  Plaintiff has up to and including **November 30, 2015** to provide the requested information.

e.  Request for Production no. 14 is **GRANTED**.  Plaintiff has up to and including **November 30, 2015** to provide the requested information.

f.  Request for Production no. 28 is **GRANTED IN PART and DENIED IN PART**.  Plaintiff is directed to provide Defendant with any communication, contract or agreement between it and Hanson related to the specific products and materials manufactured by Hanson that Defendant claims failed.  To the extent Defendant has not identified the products it claims failed, Defendant has up to and including **November 13, 2015** to provide Plaintiff with that information.  Plaintiff shall have up to and including **November 30, 2015** to provide the information responsive to the request.

2.     Plaintiff/Counter-Defendant's Motion for Enlargement of Time to Complete the Deposition of Andrew Shick and for Discovery of Documents Recently Identified During Defendant/Counter-Plaintiff's Officers' Deposition (Doc. 70) is

**GRANTED.**  The discovery deadline is extended to **November 30, 2015** for the limited purpose of responding to written discovery previously propounded.  The parties also are permitted to complete the deposition of Andrew Shick, provided they are able to come to an agreement.  The parties are not permitted to serve any new written discovery.

3.    The parties Agreed Motion for Enlargement of Time (Doc. 74) is **GRANTED.**  The parties have up to and including **November 20, 2015** to complete mediation.

4.    The remaining deadlines in the Amended Case Management and Scheduling Order (Doc. 49) will be extended by sixty (60) days.  All other directives remain unchanged.

5.    An Amended Case Management and Scheduling Order will be entered by separate Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of October, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

16