UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Total Containment Systems, Inc.,            Civ. No. 2:15-63-FtM38-CM

           Plaintiff,

v.            **MEMORANDUM AND ORDER**

Glacier Energy Services, Inc.,

           Defendant.
_____

This matter is before the Court on the parties' cross-Motions for Summary Judgment. Defendant seeks partial summary judgment as to liability on three of its counterclaims and Plaintiff seeks summary judgment on all of its claims or in the alternative partial summary judgment. For the reasons that follow, the Motions are denied.

**BACKGROUND**

Glacier Energy Services supplies water for the hydraulic fracturing (fracking) industry in North Dakota and Montana. It uses above-ground storage tanks, called ASTs, to supply this water. Total Containment Systems, Inc. ("TCS") is a manufacturer of polyurea products that are marketed as liners for water tanks, as well as a spray form of polyurea that purportedly creates a waterproof seal on the seams between the tank liners.

In June 2014, Glacier and TCS signed a contract for TCS to sell floating storage-tank covers to Glacier. The parties amended the agreement in August 2014, expanding TCS's sales to include polyurea liners and the spray polyurea sealant. The agreement

contained an express warranty that the goods were fit for their intended purpose, and obligated Glacier to pay TCS's invoices within 30 days. Between August and October 2014, TCS sent Glacier 16 invoices for goods TCS shipped to Glacier.

According to Glacier, the liners and sealant did not work as promised, but rather leaked and caused flooding on adjacent properties and Glacier had to pay to mitigate those damages. TCS contends that Glacier either installed the products incorrectly or did not notify TCS within the contractual period that there were problems with the products, and thus Glacier was obligated to pay the invoices. Glacier apparently paid a portion of what it owed, but according to TCS still owes more than $800,000 plus interest.

**DISCUSSION**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted). Where the moving party makes such a showing, the burden shifts to the nonmoving party, who must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials and must do more than simply show that there is

some metaphysical doubt as to the material facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

### A.   Glacier's Motion

Glacier seeks partial summary judgment as to liability on Counts VI, VII, and VII of its counterclaims.  One of Glacier's arguments with regard to Count VII is that TCS failed to answer that Count and should therefore be deemed to have admitted it.  But the Court recently held that TCS would be considered to have denied that Count just as it denied the other Counts (Docket No. 97), and thus the Court will not further address this argument.

#### 1.   Count VI – Negligent Misrepresentation

According to Glacier, TCS's marketing materials for the tank liners and the spray polyurea sealant promised that the spray sealant cured "almost immediately" and could be put into use with an hour of application.  Glacier also contends that the marketing materials stated that the spray was not affected by moisture at the time of application.  Glacier argues that these representations were false and constituted negligent misrepresentations.

> Under Florida law, a claim for negligent misrepresentation requires proof of: (1) a misrepresentation of material fact; (2) that the representor either knew or should have known was false or made without knowledge of truth or falsity; (3) the representor intended to induce another to act on the misrepresentation; and (4) resulting injury to a party acting in justifiable reliance on the misrepresentation.

Allocco v. Coral Gables, 221 F. Supp. 2d 1317, 1355 (S. D. Fla. 2002).

Glacier asserts that the statements regarding cure time were material because TCS knew that Glacier would use TCS's products in the field, where the products needed to be available and usable immediately. TCS counters that its President was on hand for Glacier's first uses of the materials and did not promise immediate cure times for the polyurea. TCS also points to another statement in a different document that states that polyurea would reach its "ultimate values" in about seven days. (Pl.'s Opp'n Mem. Ex. 3 (RoboLiner TCS 380-CL evaluation) at 3.)

But even if the statements in the marketing materials were representations of fact that were false and intended to induce reliance, the question of whether Glacier's reliance on the statements was reasonable is a question of fact not amenable to resolution in a motion for summary judgment. Gilchrist Timber Co. v. ITT Rayonier, Inc., 127 F.3d 1390, 1397 (11th Cir. 1997). Thus, summary judgment is not appropriate on this counter claim.

### 2. Count VII – FDUTPA

A FDUTPA claim has the same element of justifiable reliance as a negligent misrepresentation claim. As Glacier recognizes, a FDUTPA claim requires "a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances to the consumer's detriment." Zlotnick v. Premier Sales Grp., Inc., 480 F.3d 1281, 1284 (11th Cir. 2007). Whether Glacier acted reasonably in the circumstances is the same question as whether Glacier justifiably relied on the alleged misrepresentations, and is similarly a question of fact. Summary judgment is not appropriate on this counterclaim.

### 3. Count VIII – Strict Liability

A claim for strict liability under Florida law has three elements: (1) a relationship between the manufacturer and the product, (2) a defect that causes the product to be unreasonably dangerous, and (3) causation between the defect and the harm suffered. <u>Bailey v. Janssen Pharmaceutica, Inc.</u>, 288 F. App'x 597, 607 (11th Cir. 2008). There is no standard definition for "unreasonably dangerous" in this context, and the parties vigorously dispute whether an above-ground water-storage-tank seal that is not fully water-tight fits within the definition of "unreasonably dangerous" for a strict products liability claim.

But in any event, whether the product was in fact unreasonably dangerous when it left TCS's possession or whether Glacier did something to cause the product to fail is very much in dispute. Summary judgment is not appropriate on this counterclaim.

## B. TCS's Motion

TCS contends that it is entitled to summary judgment on all of its claims. Those claims are breach of contract, promissory estoppel, unjust enrichment, quantum meruit, account stated, open account, and a declaratory judgment. (Am. Compl. (Docket No. 22).) According to TCS, the undisputed evidence is that TCS shipped the goods to Glacier and Glacier did not pay. Therefore, Glacier breached its contract with TCS.

But this is an oversimplification of both the claims and the evidence. Glacier did not pay the invoices, but it argues that it had a good reason for not paying: the goods did not perform as TCS promised they would. TCS contends that the evidence is that the goods were fit for their intended purposes, but Glacier very much takes issue with that

contention. There are too many factual disputes here to make summary judgment appropriate on any of TCS's claims.

**CONCLUSION**

Genuine issues of material fact remain to be resolved on all of the parties' claims. Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion for Summary Judgment (Docket No. 86) is **DENIED**; and

2. Plaintiff's Motion for Summary Judgment (Docket No. 85) is **DENIED**.

Dated:  February 24, 2016                    *s/Paul A. Magnuson*
                                             Paul A. Magnuson
                                             United States District Court Judge